**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**EASTERN DIVISION**

| | |
|---|---|
| IAN LaMONTE CORMIER,<br><br>    Plaintiff,<br><br>    v.<br><br>JACQUELINE LEE COOPER, *et al.,*<br><br>    Defendants. | Case No. 5:20-cv-01722-SVW (AFM)<br><br>**ORDER TO PAY THE FILING FEE OR SHOW CAUSE PURSUANT TO 28 U.S.C. §1915(G)** |

Plaintiff, a prisoner who is presently detained at the Robert Presley Detention Center ("RPDC"), in Riverside, California, filed a *pro se* civil rights action pursuant to 42 U.S.C. § 1983 on August 25, 2020. (ECF No. 1.) Plaintiff did not prepay the filing fees. Instead, he filed a Request to Proceed Without Prepayment of Filing Fees or *in forma pauperis* ("IFP Request"). (*See* ECF No. 2.)

Pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A, the Court has screened the Complaint to determine whether plaintiff's action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. Section 1915A requires the Court to screen any "complaint in a civil action" if, at the time the plaintiff files the complaint, he or she is a prisoner seeking "redress from a governmental entity or officer." *See*

*Olivas v. Nev. ex rel. Dep't of Corr.*, 856 F.3d 1281, 1283-84 (9th Cir. 2017).[1]

A review of past civil actions filed by plaintiff in the federal district courts of California and the Ninth Circuit Court of Appeals reflects that plaintiff is subject to the provisions of 28 U.S.C. §1915(g). Pursuant to §1915(g), a prisoner may not "bring a civil action or appeal a judgment in a civil action or proceeding" without prepayment of the filing fees "if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. §1915(g). Such dismissal is deemed a "strike."

The Ninth Circuit has held that the phrase "fails to state a claim on which relief may be granted" as used in §1915(g), parallels the language of Fed. R. Civ. P. 12(b)(6) and carries the same interpretation; that the word "frivolous" refers to a case that is "of little weight or importance: having no basis in law or fact"; and the word "malicious" refers to a case "filed with the 'intention or desire to harm another.'" *See Andrews v. King*, 398 F.3d 1113, 1121 (9th Cir. 2005) (explaining the terms used in §1915(g)). In addition, the Ninth Circuit has held that the prior denial of IFP status on the basis of frivolity or failure to state a claim constitutes a strike for purposes of §1915(g). *See O'Neal v. Price*, 531 F.3d 1146, 1153-54 (9th Cir. 2008) (also stating that a dismissal without prejudice may count as a strike). Additionally, appellate

---

[1] The Ninth Circuit has held that, pursuant to the language of the statute and other relevant definitions of "prisoner," "a court may screen a complaint pursuant to 28 U.S.C. §1915A only if, at the time the plaintiff files the complaint, he is 'incarcerated or detained in any facility [because he] is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program.'" *Olivas*, 856 F.3d at 1284 (alteration in original); *Page v. Torrey*, 201 F.3d 1136, 1139-40 (9th Cir. 2000). Plaintiff entered a prison number on his Complaint, and he filed an IFP Request stating that he is a "prisoner-plaintiff" who presently is housed at the RPDC. (ECF No. 1 at 1; ECF No. 2 at 1, 4.) It appears to the Court that plaintiff was a "prisoner" for purposes of §1915A and §1915(g) at the time that he filed this action.

affirmances do not count as strikes when the appeal affirms the decision of the district court, but an appeal of a dismissal will count as a separate strike if the appellate court "expressly states that the appeal itself was frivolous, malicious or failed to state a claim." *El-Shaddai v. Zamora*, 833 F.3d 1036, 1045-46 (9th Cir. 2016).

Once plaintiff has accumulated three strikes, he is prohibited from pursuing any subsequent civil action without prepayment of the filing fees, unless he makes a showing that he was "under imminent danger of serious physical injury" based on the circumstances "at the time the complaint was filed, not at some earlier or later time." *Andrews v. Cervantes*, 493 F.3d 1047, 1052-53 (9th Cir. 2007); 28 U.S.C. § 1915(g). Further, "the prisoner bears the ultimate burden of persuading the court that § 1915(g) does not preclude IFP status." *Richey v. Dahne*, 807 F.3d 1202, 1206 (9th Cir. 2015).

In light of the foregoing standards, the Court takes judicial notice of the following prior civil actions filed by plaintiff in the District Courts of California or in the Ninth Circuit Court of Appeal that qualify as strikes for purposes of §1915(g). *See* Fed. R. Evid. 201(b)(2), (c)(1):

(1) *Cormier v. Liggins*, Case No. CV 01-00364-K (LSP), in the Southern District of California, in which the case was dismissed on May 8, 2001, for failure to state a claim. (No. 01-00364, ECF No. 2 at 4-7; No. 3.) The district court also found in *Liggins* that plaintiff already had three prior strikes within the meaning of §1915(g). (No. 01-00364, ECF No. 2 at 4.) On Appeal, in Case No. 01-55857, the Ninth Circuit affirmed the district court's dismissal in *Liggins*. (No. 01-00364, ECF Nos. 15-16.) The *Liggins* case, as well as the three earlier cases cited in that case (*see* below), all count as separate strikes, constituting four prior strikes.

    a. *Cormier v. People of the State of California*, Case No. CV 00-00249-L (RBB), in the Southern District of California, in which the case was dismissed on March 21, 2000, for failure to state a claim and as

barred by *Heck*. The District Court indicated the dismissal may count as a strike. (No. 00-00249, ECF No. 7 at 10-11, No. 8.) The District Court's dismissal was affirmed on appeal. (No. 00-00249, ECF No. 18.)

    b. *Cormier v. Manny*, Case No. CV 00-00025-W (CGA), in the Southern District of California, in which the case was dismissed on May 1, 2000, for failure to state a claim. The District Court indicated the dismissal may count as a strike. (No. 00-00025, ECF No. 16.)

    c. *Cormier v. California*, Case No. CV 00-00004-L (RBB), in the Southern District of California, in which the case was dismissed on May 11, 2000, for failure to state a claim and as barred by *Heck*. (No. 00-00004, ECF No. 14 at 7-8, No. 15.)

(2) *Cormier v. Suter*, Case No. EDCV 11-00801-UA (MLG), in the Central District of California, in which plaintiff's request to proceed IFP was denied and the case was dismissed as frivolous on June 3, 2011. (No. 11-00801, ECF No. 2.) In addition, the Ninth Circuit affirmed the district court's dismissal and found that plaintiff's appeal was frivolous. (No. 11-00801, ECF Nos. 9, 12.)

(3) *Cormier v. Siegler*, Case No. CV 11-04907-ABC (MLG), in the Central District of California, in which, on July 22, 2011, plaintiff's request to proceed IFP was denied as frivolous, malicious, or for failing to state a claim, and the district judge indicated the dismissal may count as a strike. (No. 11-04907, ECF No. 4 at 1). On Appeal, the Ninth Circuit affirmed the district court and found that the appeal was frivolous. (*See* No. 11-04907, ECF Nos. 10, 16; 530 Fed. Appx. 624 (9th Cir. 2013).)

(4) *Cormier v. Comey*, Case No. 20-55320, in the Ninth Circuit, in which plaintiff's request to proceed IFP was denied and the appeal was dismissed on August 21, 2020, "as frivolous pursuant to 28 U.S.C. § 1915(e)(2)."

4

(*See* Case No. EDCV 19-01198-SVW (AFM), ECF Nos. 26, 29, 31.)

Accordingly, because plaintiff had already accumulated more than three strikes before he initiated this action, plaintiff is precluded from proceeding IFP herein unless he can show that, at the time he initiated this action, he was "under imminent danger of serious physical injury." 28 U.S.C. §1915(g). The availability of the "imminent danger" exception "turns on the conditions a prisoner faced at the time the complaint was filed, not at some earlier or later time." *See Andrews*, 493 F.3d at 1053. Here, plaintiff was detained at the RPDC at the relevant time, but plaintiff does not name as defendants any official at the RPDC. Nor does the Complaint in this action raise allegations concerning the conditions that plaintiff faced at the RPDC at the time that he filed the Complaint. Accordingly, nothing in the factual allegations in the Complaint raises a reasonable inference that plaintiff faced "imminent danger of serious physical injury" at the time that he initiated this action. 28 U.S.C. §1915(g). The Court, however, must allow a prisoner the opportunity to be heard on the matter before denying a request to proceed IFP or dismissing an action pursuant to 28 U.S.C. §1915(g).

IT THEREFORE IS ORDERED that, on or before **October 15, 2020**, plaintiff shall pay the full filing fees in this action, or he shall show cause in writing why he should not be denied leave to proceed IFP and why this action should not be dismissed pursuant to 28 U.S.C. §1915(g).

Plaintiff's failure to comply with this Order will be deemed by the Court as plaintiff's consent to the dismissal of this action.

IT IS SO ORDERED.

DATED: 9/10/2020

_____
ALEXANDER F. MacKINNON
UNITED STATES MAGISTRATE JUDGE